NO. 07-12-0247-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 12, 2012
_____

REGINALD CLAYTON CANNON,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 58,097-B; HON. JOHN BOARD, PRESIDING
_____

***Order of Dismissal***
_____

Before QUINN, C.J., and HANCOCK, and PIRTLE, JJ.

Reginald Clayton Cannon, appellant, attempts to appeal his conviction for aggravated assault with a deadly weapon. The trial court imposed his sentence in open court on December 10, 2011. Appellant then filed a notice of appeal on June 18, 2012. We dismiss for want of jurisdiction.

To be timely, a notice of appeal must be filed within thirty days after the sentence is imposed or suspended in open court or within ninety days after that date if a motion

for new trial is filed. TEX. R. APP. P. 26.2(a). No motion for new trial having been filed here, appellant's notice of appeal was due to be filed by January 9, 2012. Because it was not so filed until June 18, 2012, and because no extension of that deadline was sought, it was late.

A timely filed notice of appeal is essential to invoke our appellate jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If it is untimely, we can take no action other than to dismiss the proceeding. *Id.* at 523. Appellant's notice being untimely filed, we have no jurisdiction over the matter and dismiss the appeal.

Accordingly, appellant's appeal is dismissed.[1]


Brian Quinn
Chief Justice


Do not publish.

---

[1]The appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2005).